IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERNANDEZ CONCRETE PUMPING,
INC.,

      Plaintiff,

vs.                                                      Civ. No. 18-840 RB/KK

RAYMOND DUQUETTE *et al.*,

      Defendants.

## ORDER REGARDING DEFENDANT DUQUETTE'S
## MOTION TO COMPEL INITIAL DISCLOSURE SUPPLEMENTATION

THIS MATTER comes before the Court on Defendant Duquette's Motion to Compel Initial Disclosure Supplementation (Doc. 29), filed December 18, 2018. The Court, having reviewed the parties' submissions and the relevant law, FINDS that the motion is well taken in part and is GRANTED IN PART and DENIED IN PART as follows.

In his motion, Defendant Duquette asks the Court to compel Plaintiff to supplement his Rule 26 initial and supplemental disclosures with the following categories of documents and information: (1) invoices or receipts for replacement parts Plaintiff claims it purchased to repair the vehicle that was damaged in the traffic accident at issue; (2) an "explanation" for why "some of the supporting documentation provided includes charges for labor," even though Plaintiff claims that its own mechanics repaired the damaged vehicle; (3) an hourly "accounting" of the specific tasks Plaintiff's mechanics performed to repair the vehicle; and, (4) documentation reflecting the labor and material costs Plaintiff saved while the vehicle was out of service, which would mitigate the damages it claims for lost income. (Doc. 29.)

Regarding the first category of documents, Plaintiff indicates that it has provided all of the responsive invoices and receipts currently in its possession, custody, or control, that it has not yet

received receipts or invoices from all of the third-party vendors in question, and in fact that some of this documentation does not yet exist because the purchases are not yet finalized. (Doc. 33.) Plaintiff cannot produce what it does not have, though it would be well advised to promptly subpoena and produce the documents it needs to support its damages claims; and, it certainly cannot produce what does not yet exist. As such, with one exception, the Court will deny Defendant's motion to compel Plaintiff to produce these documents at this time.[1]

The exception concerns expenses Plaintiff claims it incurred by purchasing parts from Nuss Truck & Equipment ("Nuss"). Plaintiff's damages computation appears to be itemized on the invoice attached to Defendant's reply as Exhibit A. (Doc. 35-1.) This invoice includes two charges by Nuss, *i.e.*, a $5,994.65 charge for parts and a $100 charge for shipping. (*Id.*) However, based on other documents Plaintiff has disclosed, these amounts appear to be estimates. (Doc. 35-2 at 1.) The actual amount Plaintiff paid Nuss appears to be $5,953.27, which includes a $95 charge for "freight." (Doc. 29-9 at 2; Doc. 35-3 at 3.) The Court will therefore grant Defendant's motion in part and compel Plaintiff to either provide supporting documentation for two Nuss charges in the amounts of $5,994.65 and $100 or revise its damages computation to conform with the documents it has already disclosed, which reflect one Nuss charge in the total amount of $5,953.27.

The next category of information Defendant seeks is an "explanation" for why an unidentified portion of Plaintiff's "supporting documentation" (presumably invoices for materials purchased from third parties) includes labor charges, even though Plaintiff claims that its own mechanics repaired the damaged vehicle at issue. Certainly, if documentation that includes or

---

[1] However, the Court reminds both parties of their obligation to supplement their disclosures and discovery requests in accordance with Federal Rule of Civil Procedure 26(e) and this Court's Orders. (Doc. 21 at 3.)

reflects such an "accounting" or "explanation" exists and Plaintiff has it, then Plaintiff should produce it. If, however, as seems more likely, Plaintiff would have to *create* this documentation, then Defendant should pursue this information by other means, such as interrogatories or depositions. Federal Rule of Civil Procedure 26 does not require a plaintiff to answer every question the defendant may have about its damages in its initial disclosures. *See generally* Fed. R. Civ. P. 26(a)(1)(A).

The Court's reasoning is the same regarding the third category of information Defendant seeks, *i.e.*, an hourly "accounting" of the specific tasks Plaintiff's mechanics performed while repairing the damaged vehicle. Again, if documentation reflecting the requested "accounting" exists and Plaintiff has it, then Plaintiff should produce it; however, if Plaintiff would have to create it, then Defendant should pursue the information by other means.

In his reply, Defendant Duquette abandons his request for the fourth category of documents he sought in his motion to compel, *i.e.*, documents supporting mitigation of Plaintiff's claim for lost income, to include invoices reflecting labor and material costs Plaintiff avoided because the damaged vehicle was out of service. Defendant abandoned this request in light of Plaintiff's explanation that its business provides concrete pumping trucks to third parties such as construction contractors, and "doesn't involve invoiced sums for labor or materials." (Doc. 33 at 3.) The Court will therefore deny Defendant's motion to compel Plaintiff to disclose this category of documents.

Finally, because it has granted Defendant's motion in part and denied it in part, the Court declines to apportion the expenses the parties incurred in connection with the motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(C).

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE