IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERNANDEZ CONCRETE PUMPING, INC.,

      Plaintiff,

v.                                                                       No. CIV 18-0840 RB/KK

RAYMOND ALBERT DUQUETTE, III and
ACE AMERICAN INSURANCE COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Ace American Insurance Company's Motion to Bifurcate and Stay, filed on September 24, 2018. (Doc. 13.) Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions of counsel and relevant law, the Court will **GRANT** Defendant's motion.

This case arises from a traffic accident between Mr. Dennis Hernandez, who "was driving a concrete pump truck owned by Plaintiff," and Defendant Raymond Albert Duquette, III (Mr. Duquette), who was driving a semi-tractor trailer. (*See* Doc. 1-A (Compl.) ¶ 8.) Plaintiff asserts that Mr. Duquette's inattentive driving caused the accident. (*Id.* ¶¶ 10–11.) Mr. Duquette carries an insurance policy issued by Defendant Ace American Insurance Company (Ace). (*Id.* ¶ 4.)

Plaintiff filed its case in the Bernalillo County District Court, and Mr. Duquette removed it to this Court on September 4, 2018. (*See* Doc. 1.) As Plaintiff added Ace to its Complaint pursuant to N.M. Stat. Ann. § 66-5-201 and the New Mexico Supreme Court's holding in *Raskob v. Sanchez*, 970 P.2d 580 (1998) (*see* Compl. ¶ 5), Ace now asks the Court to bifurcate the proceedings and stay Plaintiff's claims against Ace under Federal Rule of Civil Procedure 42(b) (*see* Doc. 13). Plaintiff did not file a response.

"[U]nder New Mexico law, an injured third party has no claim directly against an insurance company unless there is a contractual or legislative provision allowing it." *City of Carlsbad v. I&W, Inc.*, No. CV 12-080 BB-CG, 2012 WL 12931286, at *6 (D.N.M. May 15, 2012) (citing *Raskob*, 970 P.2d at 581 (citing 7 Lee R. Russ with Thomas F. Segalla, Couch on Insurance 3d § 104:2, at 104-10 to -12 (1997))). There is no contention that any contractual or legislative provision permits Plaintiff to bring a direct claim against Ace. *See id.* Thus, Plaintiff may not seek relief against Ace unless and until it has received a judgment against Mr. Duquette. *See id.* Accordingly, the Court will grant Ace's motion to bifurcate and stay the proceedings.

**THEREFORE,**

**IT IS ORDERED** that Defendant Ace American Insurance Company's Motion to Bifurcate and Stay (Doc. 13) is **GRANTED**. Plaintiff's claims against Ace are bifurcated and the litigation will be stayed only as it pertains to Ace.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE